# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 11, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SHAYNE BITTINGER,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1288** (BOR Appeal No. 2048479)
           (Claim No. 2012004785)

**GREENBRIER HOTEL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Shayne Bittinger, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Greenbrier Hotel Corporation, by Gary W. Nickerson and James W. Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 21, 2013, in which the Board affirmed a May 21, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 22, 2011, decision to reject the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bittinger, an employee of Greenbrier Hotel Corporation, alleges that on July 28, 2011, he was using a new sprayer when he accidently sprayed himself with Quali-Pro Mefenoxam. On August 3, 2011, Mr. Bittinger reported to Greenbrier Medical Center with a rash across his chest and arms that started two days prior. Mr. Bittinger asserts that he told Greenbrier Medical Center that he was exposed to Quali-Pro Mefenoxam at work. However, their medical records indicate that he could not identify what he was exposed to that caused the rash. The original diagnosis based upon physical examination was contact dermatitis. Randall Short, D.O., and Marsha Bailey, M.D., both performed a record review in this case. Both doctors opined that the alleged Mefenoxam exposure at work was not the cause of Mr. Bittinger's symptoms. Dr.

1

Short relied on the six day gap between the symptoms and Mr. Bittinger's statement that he thought the Mefenoxam might have caused his reaction. Dr. Bailey opined, nearly a year and a half after the injury and without physical examination, that the original diagnosis of contact dermatitis was wrong. Dr. Bailey then described the symptomatology and how it related to serum sickness. She stated that serum sickness is a form of urticarial and or angioedema disorders and is a disorder of the immune system which is unrelated to his exposure to Mefenoxam. The disorders are characterized by the occurrence of fever, urticarial polyarthralagias, and lymphadenopathy seven to ten days after primary exposure to a protein or antigen such as a drug or infection. Dr. Bailey opined that Mr. Bittinger's symptoms were classic examples of serum sickness that started as an immunological mediated skin disease misdiagnosed as contact dermatitis. She opined that the likely cause was a drug reaction. Dr. Bailey then noted that Mr. Bittinger had a history of skin rashes and hives in response to Niaspan and itching in response to Tri-cor. Mr. Bittinger also reported a history of allergic reaction to penicillin. Dr. Bailey indicated that Mefenoxam has the potential for skin irritation but it does not cause dermal sensation of systemic symptoms or immune system response. Dr. Bailey then noted that Mr. Bittinger's immune system responded to whatever he was exposed to because his white blood cell count was elevated.

The Office of Judges determined that Mr. Bittinger did not suffer from contact dermatitis in the course of and as a result of his employment with Greenbrier Hotel Corporation. The Office of Judges found that Dr. Bailey's report was more persuasive and consistent with the other evidence of record. Dr. Bailey stated that contact dermatitis should not cause an immune system response, whereas serum sickness would cause an immune system response. Dr. Bailey then noted that Mr. Bittinger's white blood cell count came back as elevated, which indicated that his immune system responded. Dr. Bailey opined that Mr. Bittinger's reaction was not caused by his exposure to Mefenoxam but was caused by either an exposure to a drug or an infection. The Office of Judges also stated that its decision was supported by the fact that Mr. Bittinger has had reactions to numerous medications in the past. As a result, the Office of Judges determined that Mr. Bittinger's symptoms were caused by serum sickness that is unrelated to his work at Greenbrier Hotel Corporation. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and Board of Review. The Office of Judges and Board of Review did not err in finding that Dr. Bailey's report was more persuasive and consistent with the other evidence of record. Dr. Bailey demonstrated that contact dermatitis should not cause an immune system response, whereas serum sickness would cause an immune system response. Dr. Bailey then noted that Mr. Bittinger's white blood cell count came back as elevated, which indicated that his immune system responded. Dr. Bailey opined that Mr. Bittinger's reaction was not caused by his exposure to Mefenoxam but was caused by either an exposure to a drug or an infection. This inference was further supported by the fact that Mr. Bittinger has had reactions to numerous medications in the past. Because the evidence was consistent with a finding that Mr. Bittinger suffered from serum sickness as opposed to contact dermatitis, the Office of Judges and Board of Review did not err in finding that his symptoms were caused by an illness unrelated to his employment with Greenbrier Hotel Corporation.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 11, 2015**

**CONCURRED IN BY:**
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis